United States District Court
Southern District of Texas
**ENTERED**
November 18, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Case No. 2:21-cr-00292 |
| ARNULFO ALEJANDRO AMAYA | § § | |

### MEMORANDUM OPINION AND ORDER OF DETENTION PENDING TRIAL

A detention hearing was held today in accordance with the Bail Reform Act, 18 U.S.C. § 3142(f). The Court finds that detention of defendant Arnulfo Alejandro Amaya pending trial in this case is appropriate: there is no condition or combination of conditions that would reasonably assure both the appearance of Defendant as required and the safety of any other person and the community.

The Bail Reform Act provides that, if the judicial officer determines that a Defendant's release on personal recognizance or an unsecured appearance bond will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, the judicial officer shall order the Defendant's pretrial release subject to certain specified conditions. *See* 18 U.S.C. § 3142(c)(1). If the judicial officer determines, after a hearing, that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer shall order the detention of the person before trial. 18 U.S.C. § 3142(e)(1).

In this case, because Defendant is charged with an offense for which a maximum sentence of ten years or more is prescribed in the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of Defendant as required and the safety of any other person and the community. *See*

18 U.S.C. § 3142(e)(3)(A). The Court finds that the presumption has not been rebutted, and that detention of Defendant pending trial is appropriate.

The Court adopts the factual information in the Pretrial Services Report, and heard testimony from DEA Special Agent Paul Stewart. The Court also considered proffered information from counsel for the United States and counsel for Defendant, and considered an exhibit filed by the United States: a copy of a criminal complaint filed against Defendant in 2020 – that charge was later dismissed. The Court finds that the evidence against Defendant in this serious criminal case is strong. Defendant is charged with conspiring to possess more than five kilograms of cocaine with intent to distribute, and also with knowingly, intentionally and unlawfully possessing 116.19 grams of heroin with the intent to distribute, in violation 21 U.S.C. §§ 841 and 846. If convicted, Defendant faces a mandatory minimum sentence of five years' imprisonment, among other punishments.

Defendant's personal information in the Pretrial Services Report remains unverified. The information in that report indicates that Defendant is a United States citizen from the Houston area. He showed cooperation with authorities for the crime charged, although maintaining his innocence. Testimony at today's hearing reflected that Defendant's wife, children and father all live in Mexico. Defendant was arrested in this case when he arrived at the United States border, coming from Mexico after being outside the United States for more than 18 consecutive months. He has significant ties to Mexico, and the more than sufficient resources to abscond across the international border. The Court believes the risk of Defendant's flight to avoid prosecution is very high. Testimony at today's hearing also reflected that Defendant has been an employee of the Gulf Cartel. Although he has worked as a courier for money and drugs, Defendant also has demonstrated more sophisticated expertise in the drug trade, to include in-depth knowledge of

drug pricing and trade routes throughout Texas and Louisiana. Defendant's ties to the cartel, and also to other independent emerging drug trafficking organizations (as described by Agent Stewart) indicates a strong risk of danger to the community if Defendant were to be released on bond.

Having considered the factors specified in the Bail Reform Act, and having considered the evidence and testimony, the Court finds that the Act's presumption is not rebutted. The Court finds that Defendant poses an unacceptable risk of flight. The Court also finds, by clear and convincing evidence, that there is no set of conditions that would reasonably assure the safety of others or the community if Defendant were to be released on bond. The Court therefore declines to grant bond.

Defendant is committed to the custody of the United States Marshal or designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of appearance in connection with a court proceeding.

ORDERED on November 18, 2022.

_____
MITCHEL NEUROCK
United States Magistrate Judge